UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 12121 GAO

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Rajinder Gill    (pro-se)
A#76 962 822
        petitioner,

V.

Bruce Chadbourne, Et.al.
Field Office Director for Detention and
Removal, Boston Field Office.
   and
Andrea J. Cabral
Sheriff of Suffolk County House of
Correction    Respondents,

MAGISTRATE JUDGE _____

Civ.No#

PETITION FOR RECEIPT OF HABEAS 5/9/24
CORPUS    AMOUNT $ _____
            SUMMONS ISSUED _____
            LOCAL RULE 4.1 _____
            WAIVER FORM _____
            MCF ISSUED _____
            BY DPTY. CLK _____
            DATE _____

PETITION FOR A WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §2241

    Petitioner, Rajinder Gill, hereby petitions this court for a writ of habeas corpus to remedy his unlawful detention, and to enjoin his continued unlawful detention by the Respondents. In support of this petition and complaint for injunctive relief, Petitioner alleges as follows:

                ____PARTIES_____

1. Petitioner Rajinder Gill a native and citizen of India. Mr Gill was ordered deported on May 5,2000 and was taken into Immigration custody on August 13, 2003. He has been detained by the Bureau of Immigration and customs Enforcement (ICE) for over 13 months.
2. Respondent John D. Ashcroft is the Attorney General of the United States and is responsible for the administration of ICE and the implementation and enforcement of the immigration laws. As such, he is the ultimate legal custodian of the Petitioner.

3. Respondent Bruce Chadbourne is the Field Office Director for Detention and removal, Boston Field Office, Bureau of immigration and Customs Enforcement, Department of Homeland Security. As such, he is the local ICE official who has immediate custody of the Petitioner.

4. Respondent Department of Homeland Security is the agency charged with implementing and enforcing the immigration laws.

5. Respondent Kathleen M. Dennehy is Acting Commissioner, Massachusetts Department of Correction. Because ICE contracts with state prisons such as Suffolk County House of Correction in Boston, Massachusetts to house immigrtion detainees such as Petitioner, she has immediate custody of the Petitioner.

## CUSTODY

6. Petitioner is detained at the Suffolk County House of Correction in Boston, Massachusetts. ICE has contracted with the Suffolk County House of Correction to house immigration detainees such as Mr. Gill. Petitioner is under the direct control of Respondents and their agents.

## JURISDICTION

7. This action arises under the Constitution of the United States, the Immigration and Nationality Act ("INA"), 8 U.S.C. §1101 et seq., as amended by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub.L. No. 104-208, 110 Stat. 1570, and the Administrative Procedure Act ("APA"), 5U.S.C. §701 et seq. This Court has jurisdiiction under 28 U.S.C. §2241, art I§9, cl.2 of the United States Constitution ("Suspension Clause"), and 28 U.S.C. §1331, as the Petitioner is presently in coustody under color of the authority of the United States, and such custody is in violation of the Constitution, laws, or treaties of the United States. see Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491 (2001).

## VENUE

8. Venue lies in the District of Massachusetts because Rajinder Gill is currently detained at Suffolk County House of Correction. Venue in the District of Massachusetts is also proper because Petitioner is in the custody of

Respondent Bruce Chadbourne, Interim Field Office of this District, which encompasses Massachusetts 28 U.S.C.§1391.

## EXHAUSTION OF REMEDIES

9. Petitioner has exhausted his administrative remedies to the extent required by law, and his only remedy is by way of this judicial action. After the Supreme Court decision in Zadvydas, the Department of Justice issued regulations governing the custody of aliens ordered removed. See 8 C.F.R.§241.4.

Petitioner was ordered deported on May 5, 2000 and was taken into ICE custody on August 13, 2003. At his "90-day" custody review on October 16, 2003, ICE decided to continue his detention. See Ex.1. In a decision dated May 7, 2004, ICE's Headquarters Post-Detention Unit("HQPDU") informed Petitioner that it would continue to keep him in custody. See Ex.2. The custody review regulations do not provide for appeal from a HPQDU costody review decision. See 8 C.F.R. §241.4(d).

10. No statutory exhaustion requirements apply to Petitioner's claim of unlawful detention.

## STATEMENT OF FACTS

A. Background

11. Petitioner, Rajinder Gill, was born in India on October 2, 1968..Petitioner entered the United States sometime in March of 1992 as a illegal alien. Mr Gill came to reside in Cambridge, Massachusetts where he lived with friends untill July 4, 1996 at which time Mr Gill married Kimberly Gill who is a American citizen. They had two children Manjeet Gill(8-6-96) and his brother Joshua Gill (10-6-99) who are still part of Mr Gills life. Mr Gill was sentenced on October 15, 1999 to 4 to 5 years in the state penitentiary for a assault and battry of which Mr Gill served 4 and a half years. Mr Gill's wife Kimberly Gill requested a divorce in 2001 while Mr Gill was serving his sentence. Mr Gill's two children are also american citizens and prior to his arrest Mr Gill worked faithfully as a General Manager for Papa Gino's and then Wendy's to support his family. The Petitioner has paid his debt for his crime and continues to be detained in violation of the Constitution, Laws or treaties of the United States.

12. On October 15, 1999, Rajinder Gill was convicted of assault and battery in Massachusetts and sentenced to 4 to 5 years. On December 3, 1999, ICE charged Raginder Gill with being issued a Final Administrative Removal Order Pursuant to Title 8, Code of Federal Regulations, Part 238.1 (c)(1). See Ex 3

    He was ordered removed to India by the Immigration Judge (IJ) on May 5,2000. See Ex 4. He did not appeal the decision of the IJ.

13. On August 13, 2003, ICE took Rajinder Gill into custody to await his deportation to India. He has been in immigration detention with a final order since then, for a period of over 13 months.

B  "90 Day" and Six Month Custody Reviews

14. INS firt reviewed Rajinder Gill's detention status on or about October 16, 2003 after the 90-day removal period pursuant to Post-Order Custody Review procedures at 8 C.F.R. §241.4. In a letter dated October 16, 2003, ICE denied Rajinder Gill's request for release stating that he was still a danger to the community due to the nature of Mr Gill's offense.[25] See Ex 1.

15. As a result of the continued detention, Rajinder Gill's case was transferred to the Headquarter Post Detention Unit (HQPDU) in May 7, 2004. See Ex 2

16. Six months after Petitioner was taken into custody, HQPDU conducted a review In a letter dated May 7, 2004, ICE informed Rajinder Gill that he would not be released because "The consular representatives of India issue travel documents regularly and they have informed ICE that the travel document process has been initiated. Your birth certificate has been presented to the consular representatives of India as proof of your identity. ICE expects that a travel document will be issued for you and that your removal will occur in the reasonably foreseeable future". See Ex 2. ICE did not specify how many nationals of India it had in fact repatriated, indicate whether

---

25 Though undr Zadvydas, Rajinder Gill has the right to be free from indefinite detention regardless of whether ICE considers him a danger to the community or a flight risk, Rajinder Gill contests ICE's determination of dangerousness and flight risk. Mr Gill has gone over 5 years without a single disciplinary infraction. Mr Gill has numerus certificates of completion for programs that he has completed. See Ex 5.

it had contacted India's government with respect to Petitioner's case,or mention whether it had received any information from India regarding the status of Petitioner's travel documents. Nor did it give an indication of when it expected Petitioner's travel documents would issue.Indeed, it gave no information concerning the existence or status of efforts to deport Rajinder Gill,relying instead on a generic pronouncement pertaining to all nationals of India. See Ex 2.

C. 13 months later: ICE's Inability to Show That Petitioner's Deportation is "Reasonably Foreseeable" Despite his Full Cooperation.

17. In the 4 months that have passed since Petitioner's last custody review, ICE has not notified Rajinder Gill of any progress in his repatriation.
18. To Petitioner's knowledge, the government of India has not issued travel documents for him. Indeed, neither ICE nor India's government have provided any indication that India would accept petitioner in the reasonably foreseeable future.
19. ICE has never asserted that Petitioner has failed to cooperate in his deportation.To the contrary, Petitioner on his own initiative, and through the help of friends and family, has tried to expedite his repatriation to India and release from custody. Mr Gill has spoken to a Mr Chand at the Indian consulate on numerous occasions pertaining to information to obtain travel documents. See Ex 6. Mr Gill has responded to ICE's Claudia English request for information.

D.   ICE has offered no evidence to suggest that repatriation in Petitioner's individual case is reasonably foreseeable now.

20. Mr Gill has asked on numerous occasions if ICE has obtained travel documents from the Indian consulate and keeps getting the same response. Mr Gill has been in deportation proceedings since May 5, 2000 and it is now October, 2004 and ICE has yet to obtain any treavel documents from the Indian consulate. Mr Gill has sat patiently for 14 months after being deported and has yet to be removed from the United States. Under Zadvydas Ice is given 6 months to remove a detainee from custody and Mr Gill has given 3 times that amount and continues to see no end in sight and is requesting that this honorable court to intervene and give Mr Gill back his freedom.

## LEGAL FRAMEWORK FOR RELIEF SOUGHT

21. In Zadvydas, the Supreme Court held that 8 U.S.C. § 1231(a)(6), when "read in light of the Constitution's demands, limited an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States". Id., 121 S.Ct. at 2498. A "habeas court must [first] ask wether the detention in question exceeds a period reasonably necessary to secure removal". Id at 2504. If the individual's removal is not reasonably foreseeable, " the court should hold continued detention unreasonable and no longer authorized by statute." Id.

22. In determining the lenth of a reasonable removal period, the Court adopted a "presumptively reasonable period of detention" of six months. Id. at 2504. After six months, the government bears the burden of disproving an alien's "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." See Zhou v. Farquharson, 2001 U.S. Dist. LEXIS 18239,*2-*3 (D. Mass. Oct. 19, 2001)(quoting and summarizing Zadvydas). Moreover, "[f]or detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." Zadvydas, 121S.Ct. at 2505. ICE's administrative regulatios also recognize that the HQPDU has a six-month period for determining whether ther is a sgnificant likelihood of an alien's removal in the reasonably foreseeable future. See 8 C.F.R. § 241.4(k)(2)(ii).

23. Evidence showing successful repatriation of other persons to the country at issue is not sufficient to meet the government's burden to establish that an alien petitioner will be deported within the reasonably foreseeable future. See Thompson v. INS, 2002 U.S. Dist. LEXIS 23936 (E.D. La. September 16, 2002)(government failed to show that alien's deportation to Guyana was reasonably foreseeable where the government offered historical statistics of repatriation to Guyana, but failed to show any response from Guyana on the application for travel documents that INS and the petitioner had requested); Kacanic v. Elwood, 2001 U.S. Dist. LEXIS 21848 at *14 (E.D. Penn. November 8, 2002)(government's reliance on data concerning removals of other aliens to Yugoslavia did not satisfy Zadvydas because government failed to give information about the number of aliens that were

denied travel papers and did not provide individualized information about the removed aliens that would allow "a meaningful comarison" of the removed aliens to the petitioner"; Ablahad v. Ashcroft, 2002 U.S. Dist. LEXIS 17405 at *4(N.D.Ill. September 6, 2002)(evidence that aliens have been deported to petitioner's country is not sufficient to carry the government's burden under Zadvydas). Rather, for the government to meet its burden of showing that an alien's repatriation is reasonably foreseeable, it must provide some meaningful evidence partiocular to the individual petitioner's case. Compare Thompson,Kanic, and Abahad with Khan v. Fasano, 194 F.Supp. 2d 1134 (S.D. Cal. 2001)(eight month detention following final order was not unreasonable where INS requested travel documents for petitioner, Pakistani consulate indicated that patitioner's travel document application had been forwarded to the appropriate ministry, INS has successfully repatriated 476 Pakistani nationals during 2001, suggesting that ther were no "institutional barriers" to successful repatriation, and a meeting was scheduled with Pakistani government to discuss petitioner,s case).

24. An alien who has been detained beyond the presumptive six months should be released where the government is unable to present documented confirmation that the foreign government at issue will agree to accept the particular individual in question. See Agbada v. John Ashcroft, 2002 U.S. Dist LEXIS 15797(D. Mass. August 22, 2002)(court "will likely grant" habeas petition after fourteen months if ICE"is unable to present document confirmation that the Nigerian government has agreed to [petitioner's] repatriation");Zhou, 2001 U.S. Dist. LEXIS 18239(ordering that the writ of habeas corpus issue within 60 days, given petitioner,s 13-month detention and the INS's inability to assure the court that the paperwork from China was on its way); Abdu v. Ashcroft,2002 U.S. Dist.LEXIS 19050 at *7(W.D. Wash. February 28, 2002) (government's failure to offer specific information regarding how or when it expected to obtain the necessary documentation or cooperation from the foreign government indicated that there was no significant likelihood of petitioner's removal in the reasonably foreseeable future);Kacanic, 2001 U.S. Dist. LEXIS 21848 (where alien has been detained for one year, lack of a definitive answer from foreign embassy as to issuance of travel documents - or any indication that a definitive answer was likely--showed that removal was not reasonably forseeable); Mohamed v. Ashcroft,2002 U.S. Dist. LEXIS 16179 at *7(W.D. Wash. April 15,2002)(granting writ of habeas where lack of definite answer from the foreign consulate indicated that no removal was likely in the reasonably forseeable future).

## CLAIMS FOR RELIEF

### COUNT ONE
### STATUTORY VIOLATION

25. Petitioner re-alleges and incorporates by reference paragraphs 1 through 24 above.
26. Petitioner's continued detention by the Respondents violates INA§241 (a)(6), as interpreted in <u>Zadvydas</u>. Petitioner's six month presumptively resonable period for continued removal efforts passed [7] months ago. For the reasons outlined above in paragraphs 1 to 24, Petitioner's removal to India is not reasonably foreseeable. The Supreme Court held in <u>Zadvydas</u> that the continued detention of someone after six months where deportation is not reasonably foreseeable is unreasonable and in violation of INA§ 241. **Petitioner has given ICE 14 months to obtain the needed travel documentation to no avail. Petitioner is requesting his freedom be granted by this honorable court.**

### COUNT TWO
### SUBSTANTIVE DUE PROCESS VIOLATION

27. Petitioner re-alleges and incorporates by reference paragraphs 1 through 26 above.
28. Petitioner's continued detention violates his right to substantive due process by depriving him of his core liberty interest to be free from bodily restraint. The **Due Process Clause** requires that the deprivation of petitioner's liberty be narrowly tailored to serve a compelling government interest. While the respondents would have a compelling government interest in detaining petitioner in order to effect his deportation, that interest does not exist if Rajinder Gill cannot be deported. The Supreme Court in <u>Zadvydas</u> thus interpreted INA§ 241 to allow continued detention only for a period reasonably necessary to secure the alien's removal because any other reading would go beyond the government's articulated interest--to effect the alien's removal.

## COUNT THREE
## PROCEDURAL DUE PROCESS VIOLATION

29. Petitioner re-alleges and incorporates by reference paragraphs 1 through 28 above.

30. Under the Due Process Clause of the United States Constitution, an alien is entitled to a timely and meaningful opportunity to demonstrate that he should not be detained. The Petitioner in this case has been denied that opportunity as there is no administrative mechanism in place for the Petitioner to demand a decision, ensure that a decision will ever be made, or appeal a custody decision that violates Zadvydas.

## ADDITIONAL STATEMENT OF FACTS

31. Petitioner would also like to submit a letter of employment upon release. See Ex 7.

32. Petitioner has a place to reside upon release. See EX 8.

33. Petitioner also has carecter letters from friends stating aside from his conviction Mr Gill was always a hard working family man who would like to have his life back. See Ex 9.

33. Petitioner would like to also submit a letter from one Capt.Scaduto, who runs the detention center were the petitioner is being held by ICE. Capt.Scaduto is a officer of the Suffork house of Correction for whom the Prtitioner works. The petitioner's conduct and work habits are clearly stated in this letter by a officer of **24 years.** See Ex 10.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner prays that this Court grant the following relief:

1) Assume jurisdiction over this matter;

2) Grant Petitioner a writ of habeas corpus directing the Respondents to immediately release the Petitioner from custody;

3) Order Respondents to refrain from **transferring the Petitioner out of the jurisdiction of ICE Boston District Director** during the pendency of these proceedings and while the Petitioner remains in Respondent's custody; and

4) Grant any other and further relief which this Court deems just and proper.

I affirm, under penalty of perjury, that the foregoing is true and correct. Respectfully submitted this 5th day of October, 2004.

_____
Rajinder Gill (pro-se)
#0303084   ICE 8-2
20 Bradston St.
Boston Ma
02118

## CERTIFICATE OF SERVICE

I,Rajinder Gill,certify that a true copy of the above document(Petition for Writ of Habeas Corpus)together with attached documents,was served on [10-5-04],upon the following:

Frank Crowley
Special Assistant U.S. Attorney
Department of Homeland Security
PO Box 8728
JFK Station
Boston,MA 02114

      by placing a copy of the above in the mail system at the facility where I am detained,"**suffolk house of correction**".