```
                   UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MASSACHUSETTS


RAJINDER GILL,                    )
                                  )
            Petitioner            )
                                  )       Civil Action No.
       v.                         )       04cv12121-GAO
                                  )
BRUCE CHADBOURNE, ET AL.,         )
                                  )
            Respondent            )
```

### RETURN AND MEMORANDUM OF LAW
### IN SUPPORT OF MOTION TO DISMISS

Petitioner challenges only his continuing detention, but because petitioner was released from custody on October 7, 2004, see Attachment A, Release Notification, the relief sought by petitioner has now come to pass -- his release from respondent's custody[1] -- and the case should be dismissed for lack of subject matter jurisdiction as moot.

**ARGUMENT**

I.   PETITIONER HAS BEEN RELEASED FROM RESPONDENT'S CUSTODY AND THEREFORE THE CASE SHOULD BE DISMISSED FOR MOOTNESS.

"It is well settled that a case is moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome, ... or alternatively, when the 'party invoking federal court jurisdiction' no longer has 'a personal stake in the outcome of the controversy.'" Boston &

---

[1] The responsive official of the Department of Homeland Security having control of petitioner's immigration custody in the instant action is Bruce Chadbourne, Field Office Director for Detention and Removal, Department of Homeland Security, Bureau of

Maine Corp. v. Brotherhood of Maintenance of Way Employees, 94 F.3d 15, 20 (1st Cir. 1996) (citations omitted).

"A case is moot, and hence not justiciable, if the passage of time has caused it completely to lose its character as a present, live controversy of the kind that must exist if the court is to avoid advisory opinions on abstract propositions of law."  Laurence H. Tribe, American Constitutional Law S 3-11, at 83 (2d ed. 1988) (internal quotations omitted). Once a case or controversy is moot, a federal court no longer retains jurisdiction to adjudicate the merits of the case.  U.S. Const. art.  III, S. 2  et seq.;  see also U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 115 S.Ct. 386, 390 (1994).

Because the result sought in the petition -- release from the custody of the Department of Homeland Security until such time as his removal becomes practicable -- has now been effected by petitioner's release from custody on October 7, 2004, see Attachment A, there is no continuing live case or controversy and accordingly the petition should be dismissed as moot.

## CONCLUSION

Because there is no present case or controversy, this action should be dismissed for mootness.

---

Immigration and Customs Enforcement ("ICE") in Boston,

```
                        Respectfully submitted,

                        MICHAEL J. SULLIVAN
                        United States Attorney

                 By:    s/Frank Crowley
                        FRANK CROWLEY
                        Special Assistant U.S. Attorney
                        Department of Homeland Security
                        P.O. Box 8728
                        J.F.K. Station
                        Boston, MA 02114
                        (617) 565-2415
```

**CERTIFICATE OF SERVICE**

I hereby certify that I caused true copy of the above document to be served upon pro se petitioner by mail on October 20, 2004.

```
                        s/Frank Crowley
                        FRANK CROWLEY
                        Special Assistant U.S. Attorney
                        Department of Homeland Security
                        P.O. Box 8728
                        J.F.K. Station
                        Boston, MA 02114
```

Massachusetts.